Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Theresa M. Santos
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Suite 265
Las Vegas, NV 89123
Office: (702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Richard Strom

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD STROM,<br><br>          Plaintiff,<br><br>     vs.<br><br>G4S Secure Solutions (USA) Inc., a foreign corporation; and DOES 1-50, inclusive,<br><br>          Defendants. | Case No.: 2:20-cv-00452<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL**) |

COMES NOW, Plaintiff, Richard Strom (herein "PLAINTIFF") and files this civil action against Defendants and each of them, for violations of The American with Disabilities Act, 42 U.S.C. §12112 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction and venue over this action pursuant to The Americans with Disabilities Act, 42 U.S.C. §12112 et seq., which confers original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted his administrative remedies.

5. All conditions precedent to jurisdiction under section 29 U.S.C. §621 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of PLAINTIFF instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated December 10, 2019. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### PLAINTIFF

8. PLAINTIFF, RICHARD STROM, was a qualified/eligible "employee" of Defendant, G4S Secure Solutions (USA) Inc., within the meaning of The American with Disabilities Act, 42 U.S.C. §12112 et seq., and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law.

//
//
//

## DEFENDANTS

9. Defendant, G4S SECURE SOLUTIONS (USA) INC., (hereinafter "G4S" or "DEFENDANT") is a foreign corporation qualified to do business in Nevada. DEFENDANT employs 50 or more employees and is an "employer" within the meaning of The American with Disabilities Act, 42 U.S.C. §12112 et seq. and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law. Defendant has offices located at 6280 S. Valley View Blvd., #314, Las Vegas, Nevada 89118.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

11. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the Defendant named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in so doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

## STATEMENT OF FACTS

12. PLAINTIFF is a 61-year-old veteran with a date of birth of September 11, 1958. PLAINTIFF is a former employee of DEFENDANT, where he worked as a roving security patrol. At the time of his employment, PLAINTIFF was paid $12.45 per hour. He was employed by DEFENDANT G4S SECURITY SOLUTIONS (USA) from approximately May 2014 to May 4, 2019.

13. PLAINTIFF is a veteran of the U.S. Navy. PLAINTIFF was deployed to the Middle East during the First Gulf War. PLAINTIFF was honorable discharged from the U.S. Navy after approximately eight years of service.

14. DEFENDANT is a company that provides a wide-range of security services to public and private sectors.

15. PLAINTIFF notified DEFENDANT at the beginning of his employment that he had pre-existing low back issues which made it difficult for him to stand for long periods of time.

16. DEFENDANT accommodated PLAINTIFF'S low back condition by assigning him as a roving (motor-vehicle) patrol in a gated residential community.

17. PLAINTIFF'S employment with DEFENDANT was uneventful until January 2019.

18. In January 2019, DEFENDANT was assigned a new supervisor named Paul DuBois.

19. Paul DuBois changed PLAINTIFF'S job assignment, assigning him to the guard station at the front gate – a job that was primarily a standing position.

20. Paul DuBois assigned a young, female employee to roving patrol duty.

21. PLAINTIFF informed Paul DuBois of his back condition and inability to stand for significant periods of time and requested that he be re-assigned to the roving patrol duty.

21. PLAINTIFF provided Paul DuBois with medical documentation substantiating his need for a job assignment that would allow him to sit.

22. Paul DuBois denied PLAINTIFF'S request to return to roving patrol duty.

23. Paul DuBois did not make any attempts to locate another sitting position to which he could assign PLAINTIFF.

24. Throughout the period of time that PLAINTIFF worked as a roving patrol, he was able to avoid frequent use of pain medication.

25. Once DEFENDANT reassigned PLAINTIFF to a station that required him to stand for significant periods of time, PLAINTIFF'S low back pain increased dramatically, forcing him to resume the use of and/or increase the use of various pain medications.

26. PLAINTIFF'S pain medications included, but were not limited to, narcotics such as oxycodone and morphine.

//

27. Paul DuBois regularly made comments to PLAINTIFF such as, "Why don't you go somewhere else to work," "You are useless to me," and "Why don't you transfer?"

28. On or about Saturday, April 20, 2019, DEFENDANT informed PLAINTIFF that he needed to provide a urine sample before he returned to work.

29. PLAINTIFF provided a urine sample to DEFENDANT'S approved medical facility on Monday, April 22, 2019.

30. When PLAINTIFF arrived to work on May 4, 2019, Supervisor Paul DuBois instructed him to go home.

31. Later in the morning of May 4, 2019, DEFENDANT'S District Manager, Cody Golant, called PLAINTIFF and informed him that he could no longer work as a security guard because his urinalysis tested positive for morphine.

32. PLAINTIFF reminded DEFENDANT that morphine was part of his pain management regime.

33. Cody Golant informed PLAINTIFF that corporate policy prohibited him from allowing PLAINTIFF to work as a security guard.

34. On or about June 5, 2019, DEFENDANT formally terminated PLAINTIFF'S employment.

35. District Manager Cody Golant informed PLAINTIFF that DEFENDANT was discharging him from employment because he was disabled and was on oxycodone and morphine.

36. Cody Golant further informed PLAINTIFF that DEFENDANT had a position that would have accommodated PLAINTIFF but that corporate refused to allow him to offer it to PLAINTIFF.

37. The despicable tactics of DEFENDANT caused a substantial burden to PLAINTIFF'S rights and caused PLAINTIFF to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

//
//
//

# COUNT I

## INTERFERENCE AND DISCRIMINATION WITH AMERICANS WITH DISABILITIES ACT

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330** *et seq.*
**(Against All Defendants)**

38. PLAINTIFF hereby incorporates paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. At all times material hereto, PLAINTIFF was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 USC 12111(4)).

40. At all times material hereto, PLAINTIFF was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

41. PLAINTIFF was a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

42. PLAINTIFF'S low back pain was a physical impairment that substantially limited one or more major life activities.

43. DEFENDANT was aware that PLAINTIFF suffered from chronic low back pain.

44. PLAINTIFF'S disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in DEFENDANT'S decision discharge him from employment.

45. The actions of DEFENDANT were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of PLAINTIFF.

46. As a direct and proximate result of DEFENDANT'S violation of PLAINTIFF'S rights as alleged, PLAINTIFF'S terms, conditions, and privileges of employment were adversely affected.

47. As a direct and proximate result of DEFENDANTS' wrongful acts and omissions, PLAINTIFF has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

48. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT II

## DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330** *et seq.*
**(Against All Defendants)**

49. PLAINTIFF hereby incorporates paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. The Americans with Disabilities Act, 42 U.S.C. §12101, et. seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. §12112).

51. PLAINTIFF had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

52. PLAINTIFF was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. At all times during her employment, PLAINTIFF satisfied the requisite skill, experience, education and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

53. PLAINTIFF was covered by the Americans with Disabilities Act, with Amendments Act (ADA-AA). Specifically, PLAINTIFF'S chronic low back pain necessitated that he work in an environment with limited standing.

54. Due to his actual disability under the ADA-AA, PLAINTIFF required a reasonable accommodation that would allow him to meet these necessities. Such reasonable accommodations were available, PLAINTIFF worked in an accommodated position for years, and continuing to allow PLAINTIFF his accommodation would not have constituted an undue hardship on the operation of DEFENDANTS' business.

55. PLAINTIFF requested a reasonable accommodation.

56. DEFENDANT abruptly removed PLAINTIFF from his accommodated position and gave it to a non-disabled employee.

57. DEFENDANT did not engage in the interactive process in good faith.

58. DEFENDANT engaged in a practice of discriminating against PLAINTIFF as a result of PLAINTIFF'S disability. DEFENDANT'S unlawful discrimination against PLAINTIFF included refusing to allow him to continue in his position as a roving patrol.

59. DEFENDANT, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of DEFENDANT as described above, thereby ratifying the unlawful conduct of its agents or supervisors. DEFENDANT'S actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

60. PLAINTIFF requests relief as described in the Prayer for Relief below.

//
//
//
//
//
//
//
//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, RICHARD STROM prays that this Court grant the following relief:

1. Grant economic loss including front and back pay, plus interest;
2. Grant compensatory damages according to proof;
3. Grant punitive damages;
4. Reasonable attorneys' fees pursuant to 42 U.S.C. § 12112 et seq. and other applicable statutes;
5. Grant costs of suit incurred herein; and
6. Grant such other and further relief as the court deems just and proper.

DATED this 4th day of March, 2020.   Respectfully Submitted,

                WATKINS & LETOFSKY, LLP

                /s/ Daniel R. Watkins
By:  _____
      Daniel R. Watkins
      Theresa M. Santos
      8215 S. Eastern Ave., Ste. 265
      Las Vegas, NV 89123
      Attorneys for Plaintiff, Richard Strom

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b), PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED this 4th day of March, 2020.   Respectfully Submitted,

WATKINS & LETOFSKY, LLP

By: */s/* Daniel R. Watkins
_____
Daniel R. Watkins
Theresa M. Santos
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Attorneys for Plaintiff, Richard Strom

# **EXHIBIT 1**

Notice of Right to Sue

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Richard Strom | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2019-01192 | Karrie L. Maeda,<br>State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Rosa M. Viramontes,
District Director

December 10, 2019
(Date Mailed)

Enclosures(s)

cc: Paulette Nunez
Manager, EEO Programs
G4S SECURE SOLUTIONS (USA) INC.
1395 University Boulevard
Jupiter, FL 33458